[No. 1906.]

## Jose Maria Bravo *v.* The State.

Theft—Indictment.— See the opinion *in extenso* for an indictment, which, though inartistic in form, is *held* sufficient to charge the felonious theft of certain money described as silver coin.

Appeal from the District Court of Webb. Tried below before the Hon. J. C. Russell.

The opinion sufficiently discloses the case. A term of two years in the penitentiary was the penalty awarded.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Willson, Judge. This conviction is upon an indictment charging the theft of "a certain sum of money of more than the value of $20; to

wit, twenty-seven and sixty one-hundredths dollars, in the silver coin of the Republic of Mexico, of the value of more than $20, and three and seventy-five one-hundredths dollars in the silver coin of the United States, of the value of three and seventy-five one-hundredths dollars." We are of the opinion that the description of the property is sufficient. It is a general description of it by name, that is, money by kind, that is, silver coin, and number by quantity, that is, twenty-seven and sixty one-hundredths dollars, and three and seventy-five one-hundredths dollars; and by ownership, that is, that it was the property of Ludovico Moglia. (Code Crim. Proc., art. 427; *Bryant v. The State*, 16 Texas Ct. App., 144.) We do not think it was necessary to allege the denomination of the coin. Its value was sufficiently alleged, that is, that it was of the value of more than $20. We cannot commend the description given in the indictment of the property, but still we think it must be regarded as sufficient. It is not as definite as it might have been, but it identifies the property with reasonable certainty, and this is all that our statute above cited requires.

There is no statement of facts in the record, and, as far as we can determine, the charge of the court is correct. Finding no error in the judgment it is affirmed.

*Affirmed.*